THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| DICK'S SPORTING GOODS, INC. d/b/a Dick's Sporting Goods, Inc. #375, | ) ) ) | |
| Petitioner, | ) ) ) | Case No. _____ |
| v. | ) ) ) | District Judge: _____ |
| KEVIN L. BOYDSTON Director of Industry Operations, Bureau of Alcohol Tobacco Firearms and Explosives, | ) ) ) ) ) | Magistrate Judge: _____ |
| Respondent. | ) | |

## PETITION FOR JUDICIAL REVIEW

Petitioner, Dick's Sporting Goods, Inc. d/b/a/ Dick's Sporting Goods, Inc. #375, by and through its counsel, and for its Petition for Judicial Review of Respondent's March 25, 2014 Final Notice of Revocation of Firearms License, states as follows:

1.      This is a petition for *de novo* judicial review of the revocation of a federal license as a dealer in firearms other than destructive devices. This action is brought pursuant to 18 U.S.C. § 923(f)(3) and its related regulations.

## PARTIES

1.      Dick's Sporting Goods, Inc. ("Dick's") is a national retailer that sells firearms, among other items, in hundreds of stores across the country. Dick's principal place of business is 345 Court Street, Corapolis, Pennsylvania 15108. Dick's, doing business as Dick's Sporting Goods, Inc. #375 ("Dick's Store #375"), operates a retail store located at 2393 North Germantown Parkway, Memphis, Tennessee 38016, that has been a federally licensed firearms dealer since 2007.

2. Kevin L. Boydston ("DIO Boydston") is the Director of Industry Operations, Nashville Field Division, Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"). Dick's Store #375 operates its business within the jurisdiction of the Nashville Field Division and DIO Boydston.

## JURISDICTION AND VENUE

3. This court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 as it arises under the Constitution and laws of the United States, specifically 18 U.S.C. 923(f)(3), *et seq.*, and its related regulations.

4. Venue is proper in the Western District of Tennessee as Petitioner's place of business is located within the District in Memphis, Tennessee.

## FACTS

5. On or about November 21, 2013, DIO Boydston executed and served a Notice of Revocation of License on Dick's notifying it that the federal firearms license as a dealer in firearms other than destructive devices ("FFL") issued to Dick's/Dick's Store #375 was revoked.

6. Dick's/Dick's Store #375 timely requested an administrative hearing pursuant to 18 U.S.C. § 923(f)(2).

7. A hearing was held on February 5, 2014, at the ATF Field Office in Memphis, Tennessee.

8. On or about March 25, 2014, Dick's received a Final Notice of Denial of Application or Revocation of Firearms License (the "Final Notice") from DIO Boydston. The Final Notice revoked Dick's/Dick's Store #375 FFL effective 60 days from date of its receipt (the "Revocation").

9. The Revocation is based upon certain purported findings of fact and conclusions of law set forth in the Final Notice regarding two alleged violations of the Gun Control Act related to a single sale transaction and whether Dick's/Dick's Store #375 committed such alleged violations willfully. Pursuant to ATF policy in place at the time of the Revocation, and applicable law, revocations only should be undertaken for willful violations that could affect public safety or hamper ATF's ability to reduce violent crime.

### COUNT I
### (Straw Purchase Transfer to a Prohibited Purchaser)

10. Paragraphs 1-9 are incorporated by reference as if fully set forth herein.

11. In Allegation No. 1 in the Final Notice, DIO Boydston found that Dick's Store #375 willfully violated 18 U.S.C. § 922(d) and 27 C.F.R. § 478.99(c) because, on one single occasion, it "transferred a firearm" to an "actual" buyer "knowing or having reasonable cause to believe that such person was prohibited from receipt and possession of firearms."

12. In response to Allegation No. 1, Dick's Store #375 did not willfully violate 18 U.S.C. § 922(d) and 27 C.F.R. § 478.99(c) because the "actual" buyer at issue was not a person prohibited from receipt and possession of firearms.

13. In addition, Dick's Store #375 did not willfully violate 18 U.S.C. § 922(d) and 27 C.F.R. § 478.99(c) because the violation, if any, was inadvertent, not intentional or knowing, and did not occur in deliberate disregard for and/or with plain indifference to a known legal obligation.

### COUNT II
### (False Information on ATF Form 4473

14. Paragraphs 1-13 are incorporated by reference as if fully set forth herein.

M TP 2489185 v4
2929921-000001 05/15/2014

15. In Allegation No. 3 in the Final Notice, DIO Boydston found that Dick's Store #375 willfully violated 18 U.S.C. §§ 922(g)(1)(A), 923(g)(1)(A), 922(m), and 924(a)(3)(A) and 27 C.F.R. § 478.124(c)(1) and 478.128(c) because it "obtained and maintained an ATF Form 4473 in the name of the purported, yet false, purchaser, rather than the name of the true purchaser" with respect to the sale heretofore identified in Count I.

16. In response to Allegation No. 3, Dick's Store #375 did not willfully violate 18 U.S.C. §§ 922(g)(1)(A), 923(g)(1)(A), 922(m), and 924(a)(3)(A) and 27 C.F.R. § 478.124(c)(1) and 478.128(c) because the name of the purchaser on the ATF Form 4473 at issue is the name of the "actual" true buyer.

17. In addition, Dick's Store #375 did not willfully violate 18 U.S.C. §§ 922(g)(1)(A), 923(g)(1)(A), 922(m), and 924(a)(3)(A) and 27 C.F.R. § 478.124(c)(1) and 478.128(c) because the violation, if any, was inadvertent, not intentional or knowing, and did not occur in deliberate disregard for and/or with plain indifference to a known legal obligation.

## COUNT III
### (Contravention of ATF Policies and Procedures)

18. Paragraphs 1-17 are incorporated by reference as if fully set forth herein.

19. ATF has announced and follows a general policy that governs the revocation of a FFL.

20. ATF has departed from its policies and procedures in revoking Petitioner's FFL.

21. Such departure calls for the revocation to be overturned under *INS v. Yang*, 519 U.S. 26, 32 (1995) and 5 U.S.C. § 706(2).

WHEREFORE, Dick's Sporting Goods, Inc., d/b/a/ Dick's Sporting Goods, Inc. #375 respectfully requests that this Honorable Court enter judgment in its favor and against Respondent, declare that sufficient grounds for revoking Petitioner's FFL do not exist, order that

the Final Notice is rescinded and that Petitioner's FFL is reinstated, award costs and reasonable fees pursuant to 18 U.S.C. § 924(d)(2)(B) and 28 U.S.C. § 2412 as appropriate, and grant such further relief deemed just and appropriate.

May 15, 2014

    Respectfully submitted,

    s/ Thomas L. Parker
    Maurice Wexler (#7980)
    Thomas L. Parker (#13908)
    BAKER DONELSON BEARMAN
    CALDWELL & BERKOWITZ, PC
    165 Madison Avenue, Suite 2000
    Memphis, Tennessee 38103
    Telephone (901) 526-2000
    Facsimile (901) 577-4248

    *Attorneys for Petitioner, Dick's Sporting Goods, Inc. d/b/a/ Dick's Sporting Goods, Inc. #375*

OF COUNSEL:

John F. Gibbons  (*Pro Hac Vice* Motion forthcoming)
(ARDC# 6190493)
Jane B. McCullough  (*Pro Hac Vice* Motion forthcoming)
(ARDC# 6180334)
GREENBERG TRAURIG, LLP
77 West Wacker Drive, Suite 3100
Chicago, Illinois 60601
Telephone (312) 456-8400
Facsimile (312) 456-8434