U.S. Department of Justice  
Bureau of Alcohol, Tobacco, Firearms and Explosives

# Final Notice of Denial of Application or Revocation of Firearms License

In the matter of:

☐ The application for license as _____, filed by; or

☒ License Number 1-62-157-01-6K-03207 _____, as a dealer in firearms other than destructive devices

_____, issued to:

Name and Address of Applicant or Licensee *(Show number, street, city, state and ZIP Code)*

Dick's Sporting Goods, Inc.  
d/b/a Dick's Sporting Goods, Inc. #375  
2393 N. Germantown Pkwy.  
Memphis, Tennessee 38016

Notice Is Hereby Given That:

(1) After due consideration following a hearing held pursuant to section 923(f)(2) of Title 18, U.S.C., and on the basis of findings set out in the attached copy of the findings and conclusions, your

☐ application for license described above is denied.

☒ license described above is revoked, effective **60 days from receipt of this notice**.

If you are dissatisfied with this action you may, within 60 days after receipt of this notice, file a petition pursuant to section 923(f)(3) of Title 18, U.S.C., for judicial review with the U.S. District Court for the district in which you reside or have your principal place of business.

(2) ☐ Since a request for hearing pursuant to section 923(f)(2) of Title 18, U.S.C., was not received, or was not timely received, and based on the findings set out in the attached copy of findings and conclusions, your license described above is revoked effective _____.

(3) ☒ Records prescribed under 27 CFR Part 478 for the license described above shall be delivered to ATF within 30 days of the date the business is required to be discontinued or shall be documented to reflect delivery to a successor. See 27 CFR 478.127.

| Date | Signature and Title of Bureau of Alcohol, Tobacco, Firearms and Explosives Official |
|---|---|
| March 25, 2014 | *Kevin Boydston* Kevin L. Boydston  Director, Industry Operations |

I certify that, on the date below, I served the above notice on the person identified below by

☐ Delivering a copy of the notice to the address shown below.  
☒ Certified mail to the address shown below.  
7008 0500 0002 1621 3801

| Date Notice Served | Name of Person Served *(Please state if served on partner or officer of corporation)* |
|---|---|
| March 25, 2014 | Edward W. Stack, Chairman/CEO |

Address Where Notice Served

345 Court St.  
Coraopolis, Pennsylvania 15108

| Date | Signature of Person Serving Notice | Title |
|---|---|---|
| March 25, 2014 | *Kevin Boydston* Kevin L. Boydston | Director, Industry Operations |

Note: Previous Edition Is Obsolete

ATF E-Form 5300.13  
Revised July 2005

UNITED STATES OF AMERICA
DEPARTMENT OF JUSTICE

| | |
|---|---|
| In the Matter of the ) | 203080:NVL-13-211482:PRL |
| Revocation of Federal Firearms License ) | |
| No. 1-62-157-01-6K-03207 ) | BUREAU OF ALCOHOL, |
| ) | TOBACCO, FIREARMS |
| Dick's Sporting Goods Inc. ) | AND EXPLOSIVES |
| d/b/a Dick's Sporting Goods, Inc. #375 ) | |
| 2393 N. Germantown, Pkwy ) | NASHVILLE FIELD DIVISION |
| Memphis, Tennessee 38016 ) | |

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

### Procedural Background

1. Dick's Sporting Goods Inc., d/b/a Dick's Sporting Goods, Inc. #375 (Licensee), 2393 N. Germantown, Pkwy, Memphis, Tennessee 38016, holds Federal Firearms License (FFL) number 1-62-157-01-6K-03207[1] as a dealer in firearms other than destructive devices. *Gov't. Exhibit 1.*

2. On November 26, 2013, I, Kevin L. Boydston, Director, Industry Operations, Nashville Field Division, Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF), issued a Notice of Revocation of License to the Licensee. *Gov't. Exhibit 2.*

3. The Licensee timely requested a hearing by letter dated December 6, 2013. *Gov't. Exhibit 3.* The Licensee provided a Power of Attorney appointing Mark Barnes and Associates as its counsel for the matter. *Gov't. Exhibit 4.*

4. A Notice of Hearing dated December 18, 2013, was sent to the Licensee advising that the hearing would be held on January 15, 2014, at the ATF Memphis Field Office. *Gov't. Exhibit 5.* At the request of the Licensee, the hearing was postponed until February 5, 2014, and a second Notice of Hearing was issued on January 3, 2014. *Gov't. Exhibit 6.*

---

[1] This action was initiated under FFL number 1-62-157-01-3K-03207. The Licensee filed a timely renewal application and the license was renewed under the number 1-62-157-01-6K-03207.

5. On February 5, 2014, an informal hearing on this matter was held at the ATF Memphis Field Office, 2600 Thousand Oaks Boulevard, Suite 2300, Memphis, Tennessee, pursuant to the provisions of 18 U.S.C. § 923(f) and 27 C.F.R. § 478.74. ATF Hearing Officer Michael Reilly presided over the hearing. ATF Attorney Patricia Lancaster and ATF Division Counsel B. Todd Martin, Nashville Field Division, represented the Government, and Industry Operations Investigator (IOI) Thomas Williams and Special Agent (SA) Richard Howard were witnesses for the Government. The Licensee was represented by Attorney Mark Barnes, Counsel for the Licensee; and witnesses for the Licensee were Industry Consultant Walford ("Wally") A. Nelson, Vice President and Chief Compliance Officer Mary Tortorice, Manager for Loss Prevention / Compliance & Logistics Kevin Dodson, and Private Investigator Tommy Whittman, who presented testimony telephonically.

6. After consideration of the relevant, material facts and circumstances presented, I, Kevin L. Boydston, Director, Industry Operations, Nashville Field Division, ATF, make the following findings of fact and conclusions of law:

### Findings of Fact

7. During June 2013, IOI Thomas Williams conducted an examination of the Licensee's inventory of firearms at the licensed premises, and the records and documents required to be kept by the Gun Control Act of 1968 (GCA), as amended, Title 18, United States Code, Chapter 44, and the regulations thereunder; for the purpose of determining compliance with the requirements of the GCA and the regulations promulgated thereunder. *Gov't Exhibit 7*. IOI Williams' inspection disclosed the following:

8. On November 6, 2012 Jason Wayne Brady, who resides at 70 Grove Dale Street, Memphis, Tennessee 38120, went to the Licensee's premises location and attempted to purchase

a Mossberg Maverick 12 gauge shotgun, serial number MV84994S, from the Licensee. *Gov't Exhibits 8 and 12*. The Licensee's Sales Associate, Matthew Kruger, assisted Mr. Brady for this attempted transaction. After the required information was recorded on Sections A & B of the Firearms Transaction Record (ATF Form 4473), Mr. Kruger initiated the required Tennessee Instant Check System (TICS) criminal background inquiry for Mr. Brady. *Gov't Exhibit 8*. A "Denied" response was received from TICS. *Gov't Exhibits 8 and 12*. The transaction was then terminated, and the Mossberg shotgun was not delivered to Mr. Brady.

9. On that same date, approximately 8 or 9 hours after Mr. Brady was denied the shotgun purchase, Laura Carolyn Brady, who resides at the same address as Mr. Brady, went to the Licensee's location and sought to purchase a Mossberg 12 gauge shotgun from the Licensee. *Gov't Exhibit 10 and 12*. The same sales associate, Matthew Kruger, assisted Mrs. Laura Brady. *Gov't Exhibit 10*. After she recorded the required information on Sections A & B of the ATF Form 4473, Mr. Kruger initiated a TICS inquiry for Mrs. Brady. *Gov't Exhibit 10*. A "Proceed" result was received, the transaction was completed, and the Mossberg Maverick 12 gauge shotgun serial number MV84994S was delivered to Mrs. Brady. *Gov't Exhibits 10 and 12*.

10. Laura Carolyn Brady and Jason Wayne Brady are husband and wife, and they reside together at 70 Grove Dale Street, Memphis, Tennessee 38120. *Gov't Exhibits 8 and 10*. The Mossberg shotgun that was delivered to Mrs. Brady was the same shotgun that Mr. Brady attempted to purchase earlier that same day. *Gov't Exhibits 8 and 10*. Because each attempt by Mr. and Mrs. Brady to purchase the Mossberg shotgun was conducted by the same sales associate for the Licensee, the firearm was the same, the attempted purchaser and the person who later obtained the firearm had the same last name and same address, a short amount of time elapsed between the two transactions on the same date, and only three transactions occurred

between Mr. Brady and Mrs. Brady; IOI Williams concluded that the firearm was transferred to Mr. Brady as the actual buyer, a person whom the Licensee knew or had reasonable cause to believe was prohibited from possessing a firearm. IOI Williams therefore concluded that the Licensee's records of the purchaser's name in the Acquisition and Disposition Record (A&D Record) and the ATF Form 4473 were false.

11. On the date of the purchase, Sales Associate Matthew Krueger designated by his signature that he had reviewed the Delay/Denied Log[2] for a possible "straw purchase[3]," yet he still delivered the firearm to Laura Brady although the name of Jason Wayne Brady was recorded as a denial only a few hours earlier, with only three transactions in between. *Gov't. Exhibit 12.* IOI Williams stated that the record made by the TICS inquiry for Jason Brady is required to be maintained by the Licensee arranged by last name or in chronological order and must be maintained separately from the other required records.

12. The ATF Form 4473 instructions contain an explanation of what constitutes an actual transferee /buyer. *Gov't. Exhibit 14.*

### Evidence Submitted by the Licensee

13. At the hearing the Licensee admitted that it was aware of the legal requirements for the violations cited in the 2013 inspection, prior to the inspection.

---

[2] The Firearm Sign-Off Sheet or Denied/Delay Log is an internal control document for the Licensee and is not required by the law or regulations. It is used by the Dick's Sporting Goods, and specifically at Store #375, to record the name of any person that received a "Denied" or "Delayed" response to a NICS/TICS inquiry. By internal policy, prior to conducting the sale of any firearm, the Licensee's employee is required to check the Denied/Delay Log to see if there are any similarities suggesting a straw purchase involving the current purchaser with any past attempts by someone who received a "Delay or Denial" NICS/TICS response. The same address, same last name, and the same firearm are some of the indicators that the Licensee's employees are trained to detect. The log is physically located at the place where the TICS/NICS check is conducted in each store. *Licensee Exhibit 1.*

[3] A straw purchase occurs when person other than the actual buyer of a firearm completes and signs an ATF Form 4473, falsely indicating that he or she is the actual buyer.

14. The Licensee argued that the violations were not committed willfully. The Licensee further argued that even if willful violations occurred, the license should not be revoked, based on ATF's treatment of another FFL with a similar violation.

15. Additionally, after the hearing the Licensee submitted directly to me a communication with attached documents, dated March 7, 2014. This information was inappropriately submitted after the hearing on this matter had closed, and, therefore, cannot be taken into account in the decision on this matter. Therefore, although I did review this information, I have not considered such information in my decision on this matter.

16. I find and conclude that other information offered by the Licensee at the hearing is not relevant and is not material to my consideration of whether or not the Licensee committed one or more willful violations of the GCA, which authorize revocation of the license.

Allegation No. 1 – Transfer to Person with Reason to Believe Prohibited

17. The notice of revocation alleges that the Licensee sold or otherwise disposed of a firearm to a person knowing or having reasonable cause to believe that such person was prohibited from receipt and possession of firearms, in violation of 18 U.S.C. § 922(d) and 27 C.F.R. § 478.99(c). *Gov't Exhibit 2.*

18. The facts as set out above show that the Licensee willfully transferred a firearm, a Mossberg, Maverick, serial number MV84994S, to Jason Wayne Brady, the actual buyer, knowing or having reasonable cause to believe that such person was prohibited from receipt and possession of firearms *Gov't Exhibits 7-12 and 14.*

Allegation No. 2 – False Information in A&D Record as to Purchaser

19. The notice of revocation alleges that the Licensee willfully entered false information into its A&D Record, when the Licensee knew that the disposition entry did not

record the true purchaser and transferee of the firearm and knew that said recording in the A&D Record was false, in violation of 18 U.S.C. §§ 922(g)(1)(A), 922(m) and 924(a)(3)(A); and 27 C.F.R. §§ 478.125(e) and 478.128(c). *Gov't Exhibit 2.*

20. The evidence showed that on or about November 6, 2012, the Licensee recorded in its A&D Record the name of Laura Carolyn Brady, as being the transferee of a firearm, a Mossberg, Maverick, serial number MV84994S, when in fact the Licensee knew that Laura Carolyn Brady was not the true purchaser and transferee of the firearm and that this recording in the A&D Record was false. *Gov't Exhibits 8-12.* As the A&D Record is a computerized record, it is unknown who made the disposition entry on behalf of the Licensee. In any case, an individual person made the A&D Record entry on behalf of the corporate entity Licensee. The corporate Licensee had knowledge of this false information by and through the knowledge of its agents and employees.

### Allegation No. 3 – False Information on ATF Form 4473 as to Purchaser

21. The notice of revocation alleges that the Licensee willfully transferred a firearm to a non-licensee and failed to obtain the true purchaser's name on the ATF Form 4473, and made a false entry in, or failed to make an appropriate entry in, or failed to properly maintain, a record which is required to be kept pursuant to section 923 of Chapter 44 or the regulations promulgated thereunder, in violation of 18 U.S.C. §§ 922(g)(1)(A), 922(m), 923(g)(1)(A), and 924(a)(3)(A) and 27 C.F.R. §§ 478.124(c)(1) and 478.128(c). *Gov't Exhibit 2.*

22. The evidence showed that on or about November 6, 2012, the Licensee obtained an ATF Form 4473 which showed the name of Laura Carolyn Brady, as being the transferee of a firearm, a Mossberg, Maverick, serial number MV84994S, when in fact the Licensee knew that Laura Carolyn Brady was not the true purchaser and transferee of the firearm and that the

...

information regarding the buyer's name on this ATF Form 4473 was false. *Gov't Exhibits 8-12 and 14.*

### Conclusions of Law

23. Under the GCA, the Attorney General is authorized to revoke a Federal firearms license if the licensee has willfully violated any of the provisions of the GCA or the regulations issued thereunder. 18 U.S.C. § 923(e); 27 C.F.R. § 478.74. The authority to render a decision on behalf of the Attorney General is delegated to the ATF Director and thus to the ATF Director, Industry Operations. *See* 28 C.F.R. § 0.130(a)(1); 27 C.F.R. § 478.74.

24. For purposes of the regulatory provisions of the GCA, a "willful" violation is committed when a licensee knows of his legal obligations and purposefully disregards, or is plainly indifferent to, the record-keeping requirements. *Armalite, Inc. v. Lambert*, 544 F.3d 644, 647-649 (6th Cir. 2008); *Appalachian Res. Dev. Corp. v. McCabe*, 387 F.3d 461, 464-465 (6th Cir. 2004); *see also Bryan v. United States*, 524 U.S. 184, 197-198 (1998) (citing with approval authorities describing willfulness in regulatory actions in the context of a criminal case).

25. No "bad purpose or evil motive" is required for an act to be willful for regulatory purposes. *Armalite*, 544 F. 3d at 648; *Appalachian*, 387 F.3d at 464; *Procaccio v. Lambert*, 233 F. App'x. 554, 557 (6th Cir. 2007). Furthermore, a single willful violation is sufficient for denying an application or revoking a license *Garner v. Lambert*, 345 F. App'x 66, 70 (6th Cir. 2009) (citing *Armalite*, 544 F.3d at 647); *Lortz, Ltd. v. Gilbert*, 451 F. App'x 503, 504 (6th Cir. 2011) (citing *Appalachian*, 387 F.3d at 464).

26. A business entity's Federal firearms license may be revoked because of willful violations by the licensee's agents and employees. *Appalachian*, 387 F.3d at 463. That is, the acts and omissions of a licensee's agents and employees are imputed to the licensee.

27.     As declared by Congress, a major purpose of Federal firearms laws is to control interstate and foreign commerce in weapons in order to combat crime. *Omnibus Crime Control and Safe Streets Act of 1968*, Pub. L. No. 90-351, 82 Stat. 226, *reprinted following* 18 U.S.C. § 921. Effectuation of Congress's purpose in enacting the record-keeping provisions of the GCA depends upon cooperation of licensed firearms dealers to monitor firearms transactions. *See Willingham Sports, Inc. v. ATF*, 348 F. Supp. 2d 1299, 1309 n. 14 (S.D. Ala. 2004), *aff'd*, 415 F.3d 492; *see also RSM, Inc. v. Herbert*, 466 F.3d 316 (4th Cir. 2006) (the GCA requires "total" or "strict" compliance by licensees).

28.     In this matter, the Licensee's actions and omissions allowed the transfer of a firearm from its inventory to a person with reason to believe that person was prohibited (Allegation No. 1). The Licensee recorded in its A&D Record the name of the purported, yet false, purchaser, rather than the name of the true purchaser. (Allegation No. 2). The corporate Licensee had knowledge of this false information by and through the knowledge of its agents and employees. .In addition, the Licensee obtained and maintained an ATF Form 4473 in the name of the purported, yet false, purchaser, rather than the name of the true purchaser (Allegation No. 3). The Licensee admitted knowledge of the laws and regulations governing these violations.

29.     I find and conclude that the record in this matter establishes that the Licensee, through its purposeful disregard of, and plain indifference to, its known legal duty under the GCA and the regulations thereunder, committed the following willful violations:

1. Transfer to a prohibited person with reasonable cause to believe such person was prohibited, in violation of 18 U.S.C. § 922(d) and 27 C.F.R. § 478.99(c);

3. False Information on ATF Form 4473 as to Purchaser in violation of 18 U.S.C. §§ 922(g)(1)(A), 923(g)(1)(A), 922(m), and 924(a)(3)(A); and 27 C.F.R. §§ 478.124(c)(1) and 478.128(c).

30. I further find and conclude that the record in this matter establishes that the Licensee, through its purposeful disregard of, and plain indifference to, its known legal duty under the GCA and the regulations thereunder, committed the additional willful violation:

> 2. Recording False Information in A&D Record as to Purchaser in violation of 18 U.S.C. §§ 922(g)(1)(A) and 27 C.F.R. § 478.125(e).

In exercise of my discretion, I am not relying on Allegation No. 2, False Information in A&D Record as to Purchaser, in any part as the basis for my decision in this action. I am basing my decision and conclusion on only Allegation Nos. 1 and 3.

31. In consideration of all relevant and material facts and circumstances presented in this matter, I, Kevin L. Boydston, Director, Industry Operations, Nashville Field Division, Bureau of Alcohol, Tobacco, Firearms and Explosives, find that Federal Firearms License number 11-62-157-01-6K-03207, held by Dick's Sporting Goods Inc., d/b/a Dick's Sporting Goods, Inc. #375, 2393 N. Germantown, Pkwy, Memphis, Tennessee, 38016, is hereby REVOKED under the authority of 18 U.S.C. § 923(e) and 27 C.F.R. § 478.74.

Dated this 25th day of March, 2014.

_Kevin Boydston_
Kevin L. Boydston
Director, Industry Operations
Nashville Field Division
Bureau of Alcohol, Tobacco, Firearms, and Explosives
United States Department of Justice
5300 Maryland Way, Suite 200
Brentwood, Tennessee 37027